Sitar Bhatt, State Bar Number 029622
sbhatt@tysonmendes.com
**TYSON & MENDES, LLP**
7910 East Thompson Peak Parkway, Suite 101
Scottsdale, Arizona 85255
Telephone: (480) 571-5031
Facsimile:  (480) 245-5424
*Attorneys for Defendant*

Kalpana Nagampalli, Esq. (*Pro Hac Vice*)
kalpana@kakarlaw.net
**KAKAR, P.C.**
525 Seventh Avenue, Suite 1810
New York, New York 10118
Telephone: (212) 704-2014
*Attorney for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| DollarDays International, Inc., | No. 2:20-cv-2457-JJT |
| Plaintiff, | |
| vs. | **DEFENDANT KY CLOSEOUTS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND THIRD-PARTY COMPLAINT** |
| KY Closeouts, LLC, | |
| Defendant. | |
| KY Closeouts, LLC, | |
| Third-Party Plaintiff, | |
| vs. | |
| Just Being, Liquidators, LLC, | |
| Third-Party Defendant. | |

Defendant KY CLOSEOUTS, LLC (hereafter "KYC" or "Defendant"), by and through

their undersigned attorneys, Sitar Bhat, Esq. of Tyson & Mendes, and Kalpana Nagampalli, Esq.

**Tyson & Mendes, LLP**

of Kakar, P.C. (admitted *pro hac vice*), hereby submits its Answer and Affirmative Defenses to Plaintiff Dollardays International. Inc.'s (hereafter "Plaintiff") Complaint as follows.

## PARTIES, JURSIDICTION, AND VENUE

1.    KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint, and, therefore deny the allegations therein and leaves Plaintiff to its own proof.

2.    KYC admits that it is a Kentucky Limited Liability Company doing business in Tompkinsville, Kentucky. KYC denies all other allegations in Paragraph 2 of the Complaint.

3.    KYC admits that this Court has subject matter jurisdiction on this matter.

4.    KYC admits that this Court has jurisdiction over Defendant. As to all remaining allegations within paragraph 4 of the Complaint, KYC do not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint and, therefore, deny the allegations contained therein and leaves Plaintiff to its proof.

5.    KYC admits that venue is proper pursuant to 28 U.S.C. §1391(b).

## BACKGROUND ALLEGATIONS

6.    KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

**TYSON & MENDES, LLP**

7.    KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

8.    KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

9.    KYC admits that it sells and wholesales consumer products, including personal protective equipment, and the Plaintiff has successfully purchased product from KYC in the past. As to all remaining allegations within paragraph 9 of the Complaint, KYC do not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint and, therefore, deny the allegations contained therein and leaves Plaintiff to its proof.

10.    KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

11.    The allegations in paragraph 11 of the Complaint are unclear, ambiguous and unintelligible, and as such, KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

**TYSON & MENDES, LLP**

12. The allegations of paragraph 12 of the Complaint are unclear, ambiguous and unintelligible, and as such, to the extent KYC understands the allegations within paragraph 12 of the Complaint, they are all denied by KYC. .

13. KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

14. KYC admits that this dispute relates to facial masks but denies all other allegations in Paragraph 14 of the Complaint.

15. The allegations of paragraph 15 of the Complaint are unclear, ambiguous and unintelligible, and as such, to the extent there are allegations within paragraph 15 of the Complaint, they are all denied by KYC. .

16. KYC admits that it is a wholesaler of a wide variety of consumer goods and has done business with Plaintiff but denies all other allegations in Paragraph 16 of the Complaint.

17. KYC admits that it frequently sends sales, marketing and solicitation communications regarding availability of goods to its customers, but KYC denies all other allegations in Paragraph 17 of the Complaint.

18. KYC admits that from time to time, based on specific circumstances, KYC requires advance payment from its customers, but KYC denies all other allegations in Paragraph 18 of the Complaint.

TYSON & MENDES, LLP

19.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

20.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 20, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

21.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

22.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

23.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

24.     The allegations of paragraph 24 as they are directed towards KYC are denied, KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint that are directed to others besides KYC, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

**TYSON & MENDES, LLP**

25.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

26.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

27.     Since it was the Plaintiff, not KYC, who performed an inspection and in person review of the concerned facial masks at issue, KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint, and, therefore deny the allegations therein and leaves Plaintiff to its own proof.

28.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

29.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

30.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

**TYSON & MENDES, LLP**

31.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

32.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

33.     KYC denies the allegations set forth in paragraph 33 of the Complaint.

34.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

35.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the Complaint, and, therefore deny the allegations therein and leaves Plaintiff to its own proof.

36.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Complaint, and, therefore deny the allegations therein and leaves Plaintiff to its own proof.

37.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Complaint, and, therefore deny the allegations therein and leaves Plaintiff to its own proof.

38.     KYC denies selling or intending to sell any defective product knowingly, further, as to all remaining allegations, KYC does not have sufficient information or knowledge in order

**TYSON & MENDES, LLP**

to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

      39.    KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

      40.    KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

      41.    KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

      42.    KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Complaint, and, therefore deny the allegations therein and leaves Plaintiff to its own proof.

      43.    KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

      44.    KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

**TYSON & MENDES, LLP**

45.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

46.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

47.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of the Complaint, and, therefore deny the allegations therein and leaves Plaintiff to its own proof.

48.     KYC denies fabricating emails, further, as to all remaining allegations, KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

49.     KYC denies fabricating invoices, further, as to all remaining allegations, KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

50.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of the Complaint, and, therefore deny the allegations therein and leaves Plaintiff to its own proof.

**TYSON & MENDES, LLP**

51.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

52.     KYC admits it updated its accounting software in 2020, further, as the all the remaining allegations, KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of the Complaint, and, therefore deny the allegations therein and leaves Plaintiff to its own proof.

53.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

54.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

55.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

56.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

**TYSON & MENDES, LLP**

57.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

58.     Since it was the Plaintiff, not KYC, who performed an inspection and in person review of the concerned facial masks at issue, KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of the Complaint, and therefore deny the allegations therein and leave Plaintiff to its own proof.

59.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of the Complaint, and therefore deny the allegations therein and leave Plaintiff to its own proof.

60.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

61.     KYC denies intentionally selling defective products, further, as to all the remaining allegations, KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

62.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

**TYSON & MENDES, LLP**

63.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 63 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

64.     KYC denies intentionally selling defective products, further, as to all the remaining allegations, KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 64 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

<u>**COUNT ONE**</u>
<u>**(Breach of Contract)**</u>

65.     In response to paragraph 65 of the Complaint, KYC incorporates by reference their responses and denials to all the preceding paragraphs of this Answer.

66.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 of the Complaint, and, therefore deny the allegations therein and leaves Plaintiff to its own proof.

67.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 of the Complaint, and, therefore deny the allegations therein and leaves Plaintiff to its own proof.

68.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 68 of the Complaint, and, therefore deny the allegations therein and leaves Plaintiff to its own proof.

**TYSON & MENDES, LLP**

## COUNT TWO
### (Breach of the Implied Warranty of Habitability)

69.     In response to paragraph 69 of the Complaint, KYC incorporates by reference their responses and denials to all the preceding paragraphs of this Answer.

70.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 of the KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 of the Complaint, and, therefore deny the allegations therein and leaves Plaintiff to its own proof.

71.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 71 of the Complaint, and, therefore deny the allegations therein and leaves Plaintiff to its own proof.

72.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 72 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

73.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 73 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

## COUNT THREE
### (Breach of the Implied Warranty of Fitness for a Particular Purpose)

74.     In response to paragraph 74 of the Complaint, KYC incorporates by reference their responses and denials to all the preceding paragraphs of this Answer.

13

**TYSON & MENDES, LLP**

75.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 75 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

76.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 76 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

77.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 77 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

78.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 78 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

79.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 79 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

80.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 80 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

81.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 81 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

**TYSON & MENDES, LLP**

82.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 82 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

83.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 83 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

**COUNT FOUR**
**(Fraud)**

84.     In response to paragraph 84 of the Complaint, KYC incorporates by reference their responses and denials to all the preceding paragraphs of this Answer.

85.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 85 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

86.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 86 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

87.     KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 87 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

TYSON & MENDES, LLP

88.   KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 88 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

89.   KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 89 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

90.   KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 90 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

91.   KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 91 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

92.   KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 92 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

93.   KYC does not have sufficient information or knowledge in order to form a belief as to the truth or falsity of the allegations contained in Paragraph 93 of the Complaint, and therefore deny the allegations therein and leaves Plaintiff to its own proof.

## **AFFIRMATIVE DEFENSES**

For further Answer, and by way of affirmative defenses, KYC respectfully asserts and/or reserves the right to assert the following affirmative defenses:

**TYSON & MENDES, LLP**

1.      The allegations contained in the Complaint fail, in one or more respects, to state a cognizable claim upon which relief can be granted.

2.      The Complaint is barred in whole or in part by the applicable statutes of limitation or statute of repose and the equitable doctrine of laches.

3.      Plaintiff failed to join indispensable parties.

4.      Plaintiff failed to satisfy conditions precedent under the terms of the warranty in that it, and/or its agent, failed to  apply the product(s) properly.

5.      Plaintiff and/or third parties whose identities are not currently known to KYC proximately caused the alleged conditions of Plaintiff's products to which reference is made in the Complaint and any alleged losses, damages and/or costs and expenses, if any, claimed to have been sustained by Plaintiff herein, and Plaintiff's claim is barred or reduced thereby.

6.      The alleged condition of Plaintiff's products to which reference is made in the Complaint and the alleged losses and damages or costs and expenses, if any, claimed to have been sustained by Plaintiff were proximately caused by a superseding, intervening cause over which KYC had no control whatsoever.

7.      Plaintiff failed to mitigate its damages in the past and may continue to fail to mitigate its damages, if any, or by the doctrine of avoidable consequences.

8.      KYC's liability and plaintiff's remedy, if any, are limited by the terms and conditions of the product warranty, which limitations and remedy exclusions are enforceable pursuant to, inter alia, AZ Rev Stat § 47-2316 (2016) and § 47-2A214.

**TYSON & MENDES, LLP**

9.     KYC expressly disclaimed all express or implied warranties, except as set forth in the terms of the product warranty, including the warranties of merchantability and fitness for a particular purpose.

10.     KYC's liability, if any, for actions allegedly taken by any agent, employer or representative of KYC, if at all, is limited by KYC's express warranty disclaimer.

11.     Plaintiff's damages, if any, are subject to the economic loss doctrine and, thus, are strictly limited to those remedies afforded under the UCC or Arizona's equivalent.

12.     Plaintiff's claims are barred by the doctrines of waiver, laches and estoppel.

13.     Plaintiff's claims are barred by the doctrine of unclean hands.

14.     Any injury or damage sustained by Plaintiff were proximately caused in whole or in part by the negligence, fault, carelessness and/or lack of ordinary care, acts or omissions, and/or breach of contract and/or breach of warranty, expressed or implied, or breach of duty of Plaintiff and Plaintiff's recovery is barred or reduced thereby.

15.     Any injury or damage sustained by Plaintiff were proximately caused in whole or in part by the negligence, fault, carelessness and/or lack of ordinary care, acts or omissions, and/or breach of contract and/or breach of warranty, expressed or implied, or breach of duty of others, which entities or individuals are not currently known to KYC, and Plaintiff's recovery is barred or reduced thereby.

16.     The supposed damages allegedly sustained by Plaintiff were not proximately caused by any acts or omissions of KYC.

18

**TYSON & MENDES, LLP**

17.     Upon information and belief, the products traded by KYC were at all times of good and merchantable quality and fit for the ordinary purposes for which such products were to be used.

18.     The damages, if any, claimed to have been sustained by Plaintiff were proximately caused by a superseding, intervening cause over which KYC had no control.

19.     To the extent KYC is found liable to Plaintiff, which liability is expressly denied, KYC is entitled to indemnity and/or contribution from suppliers and parties not yet identified or known.

20.     Plaintiff's remedies, if any, are expressly limited by the "AS IS" provision in Plaintiff's invoice, which expressly disclaims KYC's liability for indirect, incidental, consequential or special damages of any kind.

21.     KYC reserves the right to assert any further affirmative defenses that may become available set forth in Federal Rules of Civil Procedure 8(c) or 12(b) as a result of future discovery in this lawsuit and/or adopt and incorporate any affirmative defenses stated by any other future defendants, if any, in this action.

### RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

1.     In response to Plaintiff's Prayer for Relief, KYC denies any liability  arising from the concerned facial masks; that Plaintiff is entitled to injunctive relief of any kind against KYC; that Plaintiff is entitled to the inspection of any goods in Defendant's custody or control; that Plaintiff is entitled to a monetary award of any kind (whether damages, statutory damages, profits,

**TYSON & MENDES, LLP**

attorneys' fees, interest, costs or anything else); and that Plaintiff is entitled to any other relief from Defendant.

2.     KYC having fully answered the allegations of Plaintiff's Complaint, prays the same be dismissed with prejudice, that Plaintiff take nothing thereby, and that it be awarded costs incurred herein, and for such other and further relief as this Court seems just.  is entitled to any of the relief requested in paragraphs A through F (including sub-paragraphs thereof) of the Prayer for Relief of the Complaint.

## THIRD PARTY COMPLAINT

1.     Third-Party Plaintiff KY Closeouts, LLC (herein: "KYC") is a Kentucky Limited Liability Company.

2.     Third-Party Defendant, Just Being Liquidators, LLC (hereafter: "JBL") is a Dallas Limited Liability Company. Upon information and belief, JBL is doing business in and with the State of Arizona as a wholesaler and liquidator of personal protective equipment (hereafter "PPE") and other consumer products.

3.     Third-Party Defendant, Sirzan, Inc. (hereafter: "Sirzan") is an Alabama Company. Upon information and belief, Sirzan is doing business in and with the State of Arizona as a wholesaler and liquidator of personal protective equipment (hereafter "PPE") and other consumer products.

4.     Third-Party Defendants Does 1-5 are persons or entities that are unknown to KYC or Plaintiff at this time. Upon information and belief, these parties are in some way involved in the actions complained of herein, either as independent actors or as agents or principals of the

**TYSON & MENDES, LLP**

other named Third-Party Defendants. KYC will amend this Third-Party Complaint to allege their true identities and capacities when ascertained.

     5.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1332 and 1367.

     6.     Venue is proper pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

     7.     This underlying Complaint filed by Dollardays International, Inc. (herein: "Plaintiff") in this matter alleges claims of, inter alia, breach of contract and breach of warranty of habitability for claims arising out of Dollardays procurement, solicitation, purchase, sale, and distribution of N95 masks.

     8.     As confirmed in the Answer, which is incorporated herein by this reference, KYC denies undertaking any of the actions alleged in the Plaintiff's Complaint that *inter alia* relates to procurement and/or sales defective N95 masks.

     9.     The instant civil action was commenced by Plaintiff to assert, inter alia, breach of contract claims against KYC. KYC incorporates by reference as though set forth herein the allegations of Plaintiff's Complaint in the instant action. The Complaint is incorporated herein solely for the purpose of stating the claims in this Third-Party Complaint, and not with the intention of admitting any of the allegations set forth therein by Plaintiff, which KYC denied above and continues to deny.

     10.     KYC is in the business of procuring wholesale and closeout deals for a wide variety of consumer goods. KYC primarily sources wholesale consumer goods and does not exclusively transact in PPE.

**TYSON & MENDES, LLP**

11.     On or about February 3,2020, KYC and Plaintiff entered into an understanding for KYC to source N95 masks.

12.     Prior to the specific allegations made by Plaintiff, KYC and Plaintiff have successfully conduct business deals.

13.     In the course of its business as a closeout dealer and wholesaler of consumer products, KYC has been working on sourcing and procuring PPE products through distributors, manufacturers and/or suppliers domestically and internationally.

14.     JBL has been an ongoing supplier to KYC, with whom KYC has successfully done business with.

15.     JBL represented to KYC that it had N95 masks available through Sirzan.

16.     KYC notified Plaintiff that the N95 masks have been located through Nizar Khetani, at JBL.

17.     Plaintiff demonstrated eagerness to acquire the said N95 masks, despite KYC's tepid approach to the proposed transaction.

18.     KYC explained to Plaintiff that the said N95 masks were originating from Sirzan, with whom KYC has not purchased product from in the past and had no business experience with Sirzan to base any trust in Sirzan's ability to deliver the necessary product.

19.     At Plaintiff's insistence, after KYC facilitated and set up the transaction, Plaintiff made direct contact with Nizar Khetani at JBL. Upon information belief, Plaintiff confirmed first-hand that Lee Abraham, at Sirzan is the supplier of the concerned N95 masks.

**TYSON & MENDES, LLP**

20.     Plaintiff worked directly with JBL and/or Sirzan (leapfrogging over KYC) to evaluate, review and in person inspect the concerned N95 masks.

21.     KYC's role in the concerned transaction was limited to bringing Plaintiff to the source of the concerned product which Plaintiff desired, all the while impressing upon Plaintiff that KYC has no experience in procuring products from the source of the concerned product—Mr. Lee Abraham and his company Sirzan.

22.     Plaintiff worked directly with JBL and/or Sirzan for logistics and delivery of the N95 mask.

23.     Plaintiff conducted a thorough inspection of the N95 masks delivered by Sirzan at JBL's warehouse in Dallas, Texas.

24.     Plaintiff communicated directly with JBL and/or Sirzan (sans KYC) to coordinate, cooperate and confirm the details of the inspection of the concerned product conducted by the Plaintiff.

25.     Upon information and belief, Plaintiff's spent several hours inspecting the N95 masks, then took the concerned product to another facility to count and sort the said masks before finalizing and consummating the transaction.

26.     As the bona-fide purchaser of the N95 masks, Plaintiff took possession of the N95 masks directly from JBL and/or Sirzan, to be shipped and delivered to its customers.

27.     Plaintiff only paid for and finalized the transaction after it completed its in-person inspection and review, then sorted and counted the N95 masks by size for pick up (from JBL and/or Sirzan) delivery to its customers.

23

**TYSON & MENDES, LLP**

28.     Thereafter, on or about March 19, 2020, Plaintiff forwarded a dubious email from an unidentified person that the N95 masks delivered by JBL and Sirzan have structural defects because the masks are old and expired.

29.     Specifically, the email included an unverifiable video that showed an unidentified person arbitrarily tugging on the straps of a mask that snaps on pulling the ends of the strap.

30.     The video has no identifiable information on whether mask used to demonstrate defects is related to KYC.

31.     Upon receipt of the email, KYC stated that as a broker of the transaction it has no liability and cannot be held accountable for the quality of the masks delivered by JBL and/or Sirzan, which Plaintiff independently verified, inspected and performed due diligence prior to consummating the concerned transaction.

32.     Even though Plaintiff was aware of JBL and its role as a supplier with whom Plaintiff formed a direct line of communication with prior to consummating the concerned transaction, KYC duly notified JBL that Plaintiff's customers have complained that the N95 masks supplied, shipped, and delivered by JBL are expired and have structural defects.

33.     Nevertheless, KYC agreed to help Plaintiff and asked for further proofs of the correlation between the claimed defective masks and the transaction KYC facilitated between JBL, Sirzan and Plaintiff.

34.     Upon information and belief, JBL and Sirzan stated that the N95 masks purchased by Plaintiff was sold "as-is" and only after thorough due diligence and inspection conducted by Plaintiff.

24

**TYSON & MENDES, LLP**

35.     On or about, November 5, 2020, several months after the transaction, Plaintiff allegedly took possession of the defective masks delivered by JBL and Sirzan to Plaintiff.

36.     KYC has no custody, control, possession or access to information that correlates the shipment and distribution of the N95 masks by JBL and Sirzan to Plaintiff and Plaintiff's customers.

37.     Plaintiff failed to include indispensable parties that it knows has supplied, distributed, and delivered the N95 masks to Plaintiff and/or its customers.

38.     KYC is a party to the underlying action due to the allegedly defective masks solicited, offered, sold, shipped and delivered by JBL and Sirzan.

39.     JBL and Sirzan's actions have and continue to cause irreparable damage to KYC in an amount to be determined at trial.

40.     Third-Party Defendants, and each of them, acts of allegedly selling defective products have damaged KYC in an amount to be determined at trial, but in any event no less than all the damages sought by Plaintiff in the underlying action, plus KYC's attorneys fees.

41.     Pursuant to A.R.S. § 12-341.01 and other applicable law, KYC is entitled to reasonable attorneys' fees and costs.

**First Claim for Relief**
**(Equitable Indemnity and Defense**
**Against Third-Party Defendants)**

42.     KYC repeats, re-alleges and incorporates herein by reference the allegations of paragraph 1 through 41, of this Third-Party Complaint.

**TYSON & MENDES, LLP**

43.     Plaintiff's claims arise out of a series of transactions, happenings or events, and in order to avoid unnecessary expense and multiplicity of actions, it is necessary and appropriate to file these claims so that a determination of all claims relating to that series of transactions, happenings or events can be made in one solitary action.

44.     If Plaintiff recovers anything from KYC for claims based on damages and/or losses arising out of the Complaint, either by way of judgement, verdict, award, settlement, or otherwise, KYC is entitled to indemnity from JBL and Sirzan, and each of them, for the amount of any sums paid to satisfy recoveries due to JBL and/or Sirzan's covenants, warranties, representations, knowledge, and information, wholesale and distribution of the N95 masks to Plaintiff.

45.     KYC has incurred and will continue to incur costs, expenses, and attorneys' fees in defending itself against Plaintiff's action and any other actions which may be brought based on damages or losses arising out of the allegation in the underlying Complaint, and in prosecuting the present third-party claims. JBL and Sirzan, and each of them, are obligated to indemnify KYC for the total amount of such costs, expenses and fees.

<u>**Second Claim of Relief**</u>
<u>**(Breach of Contract Against all Third-Party Defendants)**</u>

46.     KYC repeats, re-alleges and incorporates herein by reference the allegations of paragraph 1 through 45, of this Third-Party Complaint.

47.     KYC entered into enforceable purchase contract(s) with JBL to procure N95 masks for Plaintiff.

TYSON & MENDES, LLP

48.     KYC performed its obligations pursuant to the agreement by paying JBL for the procurement and delivery of the masks to Plaintiff.

49.     JBL and its supplier breached the agreement by allegedly delivering non-confirming and/or defective N95 masks to Plaintiff.

50.     As a direct and proximate result of Third-Party Defendants (and each of them) breaches, KYC has suffered damages in an amount to be proven at trial but no less than the damages asserted by Plaintiff in the underlying action.

51.     KYC is entitled to recover attorneys' fees pursuant to A.R.S. § 12-341.01 and/or other applicable law.

**Third Claim of Relief**
**(Breach of Express and Implied Warranties)**

52.     KYC repeats, re-alleges and incorporates herein by reference the allegations of paragraph 1 through 51, of this Third-Party Complaint.

53.     Third-Party Defendants are sellers as defined in A.R.S. Section 47-2014.

54.     Third-Party Defendants have breached the express and implied warranties

55.     Third-Party Defendants acknowledged and knew that the N95 masks purchased by Plaintiff are being facilitated by KYC for constructive sale and delivery to Plaintiff's customers. Additionally, the N95 masks delivered by Third-Party Defendants are required to be functional and ready-to-use.

27

**TYSON & MENDES, LLP**

56.     Upon information and belief, Third-Party Defendants delivered N95 masks that are defective, non-functional, non-usable, and crumble upon touch to Plaintiff and Plaintiff's customers.

57.     As a result of Third-Party Defendants (and each of them) breach of the express and implied warranties, KYC has been damaged in an amount to be proven at trial.

**Fourth Claim of Relief**
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

58.     KYC repeats, re-alleges and incorporates herein by reference the allegations of paragraph 1 through 57, of this Third-Party Complaint.

59.     Under the UCC and Arizona law, there is an implied covenant of good faith and fair dealing by each and every party to a contract.

60.     Third-Party Defendants, and each of them, breached the implied covenant of good faith and fair dealing by delivering N95 masks that are defective, non-functional, non-usable, and crumble upon touch to Plaintiff and Plaintiff's customers.

61.     By virtue of this breach, KYC is entitled to recover from Third-Party Defendants, and each of them, damages in an amount to be proven at trial.

62.     KYC is entitled to recover its attorneys' fees pursuant to A.R.S. § 12-341.01 and/or other applicable law.

**Prayer For Relief**

1.     WHEREFORE, Third-Party Plaintiff prays for judgement as hereinafter set forth.

**TYSON & MENDES, LLP**

     a.     For defense and indemnity from Third-Party Defendants for any sums Third-Party Plaintiff pays, or becomes obligated to pay, to Plaintiff in the present case or to any other persons or entities for damages or losses arising out of the allegations in the Complaint;

     b.     For defense and indemnity from Third-Party Defendants in a sum equal to all costs, expenses, and attorneys' fees incurred by Third-Party Plaintiff in defense against Plaintiff's action in the present case, in defense against any other actions which may be filed based on claims for damages or losses arising out of the allegations in the Complaint, and in prosecuting the instant claims;

     c.     For any and all damages available by law;

     d.     For an order and judgement that Third-Party Plaintiff be held harmless from any judgement entered in this action against it, and that Third-Party Defendants be ordered to reimburse and compensate Plaintiff for all loses or damages Plaintiff may suffer if an adverse judgement is entered against it or its indemnities in this action;

     e.     For costs of suit incurred herein; and

     f.     For all such other and further relief as the Court may deem just and proper.

**TYSON & MENDES, LLP**

1    DATED this 7th day of January, 2021.

2                                        TYSON & MENDES, LLP

3

4                                        By: */s/ Sitar Bhatt*
                                              Sitar Bhatt
5                                             *Attorneys for Defendant*

6                                        KAKAR, P.C.

7

8                                        By: */s/ Kalpana Nagampalli (w/ permission)*
                                              Kalpana Nagampalli
9                                             *Attorney for Defendant*

10
                         **CERTIFICATE OF SERVICE**
11
         I hereby certify that on January 7, 2021, I electronically transmitted the attached
12   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice
     of Electronic Filing to the following CM/ECF Registrants:
13

14   Richard H. Herold
     Jessica A. Gale
15   SPENCER FANE LLP
     2415 E. Camelback Rd., Ste. 600
16   Phoenix, AZ 85016
     rherold@spencerfane.com
17   jgale@spencerfane.com
18   *Attorney for Plaintiff*

19   By: */s/ Mersadies Alvarado*

20

21

22

23

24

25

26