Don C. Fletcher (#012140)
dfletcher@lakeandcobb.com
**LAKE & COBB, P.L.C.**
1095 West Rio Salado Parkway, Suite 206
Tempe, Arizona 85281
(602) 523-3000 office
(602) 523-3001 fax

*Attorneys for Third-Party Defendant Just Being Liquidators, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dollardays International Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>KY Closeouts LLC,<br><br>Defendant. | Case No. CV-20-02457-PHX-JJT<br><br>**JUST BEING LIQUIDATORS, LLC'S ANSWER TO KY CLOSEOUTS, LLC'S THIRD-PARTY COMPLAINT** |
| KY Closeouts, LLC,<br><br>Third-Party Plaintiff,<br><br>Just Being Liquidators, LLC,<br><br>Third-Party Defendant. | |

Third-Party Defendant Just Being Liquidators, LLC ("JB"), by and through counsel undersigned, for its response to KYC Closeouts, LLC's ("KYC") Third-Party Complaint admits, denies, and alleges, as follows:

.   .   .

1. As to paragraphs 1, 3, 10, 11-13, 16-18, 21, 25, 27-30, 33, 35-36, and 38 of KYC's Third-Party Complaint, JB is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations therein, and therefore denies the same.

2. As to paragraph 2, JB affirmatively states that it is a Texas limited liability company. JB admits the remaining allegations contained in paragraph 2.

3. As to paragraphs 7, 14-15 and 59 of the Third-Party Complaint, JB admits the allegations therein.

4. As to paragraphs 4 and 9 of the Third-Party Complaint, JB asserts that there are no factual allegations for which a response is required.

5. As to paragraphs 5 and 6 of the Third-Party Complaint, JB does not dispute jurisdiction or venue.

6. As to paragraph 8 of the Third-Party Complaint, JB asserts that the referenced Answer speaks for itself and JB refers to the document for its legal meaning and effect with regard to paragraph 8 of the Third-Party Complaint.

7. As to paragraph 19 of the Third-Party Complaint, JB is without sufficient information or knowledge to form a belief as to the truth or falsity of KYC's allegation of any insistence of Plaintiff Dollar Days International, Inc. regarding making contact with Nizar Khetani at JBL. JB denies the remaining allegations.

8. As to paragraphs 20, 22, 41, 51, and 62 of the Third-Party Complaint, JB denies the allegations therein.

9. As to paragraph 23 of the Third-Party Complaint, JB is without information or belief as to the thoroughness of any inspection that may have been conducted by DollarDays International, Inc. JB denies any such inspection occurred at its warehouse.

10. As to paragraph 24 of the Third-Party Complaint, JB is without information or belief as to any communication between Sirzan and DollarDays International, Inc. JB denies the remaining allegations.

11. As to paragraphs 26 and 37 of the Third-Party Complaint, JB asserts that this calls for a legal conclusion and therefore does not require a response. To the extent that a response is required, JB is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations therein, and therefore denies the same.

12. As to paragraphs 31 and 32 of the Third-Party Complaint, JB asserts that these contain compound allegations and call for legal conclusions and therefore do not require a response. To the extent that a response is required, JB is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations therein, and therefore denies the same.

13. As to paragraph 34 of the Third-Party Complaint, JB asserts that it sold the N95 masks "As Is" to KYC. JB is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations therein, and therefore denies the same.

14. As to paragraph 39 of the Third-Party Complaint, JB denies that it caused irreparable damage to KYC. JB is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations therein directed at Sirzan.

15. As to paragraph 40 of the Third-Party Complaint, JB denies any liability asserted therein as to itself. JB is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations therein directed at Sirzan.

16. Paragraphs 42, 46, 52 and 58 of the Third-Party Complaint do not assert any factual allegations for which a response is required.

17. As to paragraph 43 of the Third-Party Complaint, JB asserts that this calls for a legal conclusion and therefore does not require a response. To the extent that a response is required, JB is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations therein, and therefore denies the same.

18. As to paragraphs 44-45 of the Third-Party Complaint, JB denies any liability

or wrongdoing asserted therein as to itself. JB is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations therein directed at Sirzan.

19. As to paragraph 47 of the Third-Party Complaint, JB admits only that it entered into a purchase contract with KYC regarding the procurement of N95 masks. JB is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations therein.

20. As to paragraph 48 of the Third-Party Complaint, JB admits only that KYC paid JB for the N95 masks. JB is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations therein.

21. As to paragraphs 49 and 50 of the Third-Party Complaint, JB denies any liability or wrongdoing asserted therein as to itself. JB is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations therein directed at other entities.

22. As to paragraphs 53 and 54 of the Third-Party Complaint, JB asserts that the allegations therein call for a legal conclusion and therefore do not require a response. To the extent that a response is required, JB is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations therein, and therefore denies the same.

23. As to paragraph 55 of the Third-Party Complaint, JB asserts that some of the allegations therein call for a legal conclusion and therefore do not require a response. As to the remaining allegations and to an extent a response is required, JB is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations therein, and therefore denies the same.

24. As to paragraphs 56 and 57 of the Third-Party Complaint, JB denies any liability or wrongdoing asserted therein as to itself. JB is without sufficient information or

knowledge to form a belief as to the truth or falsity of the remaining allegations therein directed at other entities.

25. As to paragraphs 60 and 61 of the Third-Party Complaint, JB denies any liability or wrongdoing asserted therein as to itself. JB is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations therein directed at other entities.

## **GENERAL DENIAL**

26. Each and every allegation in the Third-Party Complaint not affirmatively admitted above is hereby denied.

## **AFFIRMATIVE DEFENSES**

For further Answer, and by way of affirmative defenses, JB respectfully asserts and/or reserves the right to assert the following affirmative defenses:

1. Third-Party KYC's claims fail to state claim upon which relief can be granted.

2. Third-Party KYC's claims are barred by waiver and/or estoppel.

3. Third-Party KYC's claims are barred by unclean hands.

4. JB reserves the right to amend this pleading to assert such additional defenses as may arise during the continued course of discovery in this matter.

**WHEREFORE**, having fully answered the allegations in KYC's Third-Party Complaint, JB requests that the Third-Party Complaint be dismissed with prejudice; that Third-Party Plaintiff take nothing thereby; that JB be awarded its costs and reasonable attorneys' fees pursuant to A.R.S. ¶ 12-341 and 12-341.01 as this matter arises out of contract; that JB be awarded interest on all sums awarded in judgment at the highest legal rate from the date of judgment until paid; and that JB be awarded such other and further relief as the Court deems just and proper under the circumstances.

.   .   .

1   RESPECTFULLY SUBMITTED this 12th day of February 2021.

2                            **LAKE & COBB, P.L.C.**

3

4                            By  *s/ Don C. Fletcher*
                                Don C. Fletcher
5                               *Attorneys for Third-Party Defendant Just Being Liquidators, LLC*
6

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of February 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jessica A. Gale
Richard Henry Herold, Jr.
SPENCER FANE LLP
2415 East Camelback Road, Suite 600
Phoenix, Arizona 85016-4251
jgale@spencerfane.com
rherold@spencerfane.com
*Attorneys for Plaintiff Dollardays International Incorporated*

Kalpana Nagampalli
KAKAR PC
525 Seventh Avenue, Suite 1810
New York, New York 10018
kalpana@kakarlaw.net
*Co-Counsel for Defendant/Third-Party Plaintiff KY Closeouts, LLC*

Sitar J. Bhatt
TYSON & MENDES LLP
7910 East Thompson Peak Parkway, Suite 101
Scottsdale, Arizona 85255
sbhatt@tysonmendes.com
*Co-Counsel for Defendant/Third-Party Plaintiff KY Closeouts, LLC*

                                                                         *s/ Nikki Nolund*